UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 08 C 1071 |
| v. ) | |
| ) | Judge Amy J. St. Eve |
| FUNDS IN THE AMOUNT OF ) | |
| APPROXIMATELY FIVE MILLION ) | |
| DOLLARS ($5,000,000) ) | |
| INCLUDING: ) | |
| ) | |
| THE REAL PROPERTY LOCATED AT ) | |
| 57 SOUTH DEERE PARK DRIVE, ) | |
| HIGHLAND PARK, ILLINOIS, and ) | |
| ) | |
| THE REAL PROPERTY LOCATED AT ) | |
| 2494 BAY ISLE DRIVE, ) | |
| WESTON, FLORIDA ) | |

## STIPULATED AGREEMENT

The United States of America, by PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, and defendant STUART LEVINE, by his attorney, JEFFREY B. STEINBACK, stipulate and agree as follows:

1.  On July 20, 2005, a superseding indictment was returned in the United States District Court in the Northern District of Illinois in the case *U.S. v. Stuart Levine, et al.*, 05 CR 408. The superseding indictment charged Stuart Levine and others with fraud, bribery, and extortion, in violation of 18 U.S.C. §§ 1343, 1346, and 666, among other violations.

2.  On October 5, 2006, a superseding indictment was returned in the United States District Court in the Northern District of Illinois in the case *U.S. v. Stuart Levine, et al.,* 05 CR 691. The superseding indictment charged Stuart Levine and others with fraud, bribery, and extortion, in violation of 18 U.S.C. §§ 1341, 1343, 1346, and 666, among other violations.

3. On October 27, 2006, pursuant to Fed. R. Crim. P. 11, STUART LEVINE entered a voluntary plea of guilty to Count One and Count Twenty-Three of the superseding indictment in the case *U.S. v. Stuart Levine, et al.*, 05 CR 691, charging him with violations of 18 U.S.C. §§ 1341 and 1346.

4. In the plea agreement entered between STUART LEVINE and the United States, STUART LEVINE acknowledged that the government would file a civil complaint against certain property, namely fine million dollars, alleging that the property is subject to forfeiture. STUART LEIVNE further agreed to relinquish all right, title and interest that he may have in property that is used to satisfy the amount due, and agreed to the entry of a judgment against him extinguishing any interest or claim he may have in the property subject to forfeiture.

5. On February 21, 2008, the United States filed a verified complaint for forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) for funds in the amount of five million dollars, which constituted and are derived from proceeds obtained from violations of 18 U.S.C. § 1341, 1343, and 666, to be satisfied by proceeds from the sale of the real properties located at 57 South Deere Park Drive, Highland Park, Illinois ("Deere Park property"), and 2494 Bay Isle Drive, Weston, Florida ("Bay Isle Drive property").

6. Pursuant to the plea agreement more fully described above, STUART LEVINE understands that the government has filed a civil complaint against five million dollars and the Deere Park and Bay Isle Drive properties, the proceeds from the sales of these real properties being substituted for the five million dollar judgment and subject to forfeiture. STUART LEVINE further agrees to the entry of a judgment against him in the amount of five million dollars and to knowingly, intelligently, and voluntarily waive any right, title, or interest he may have in the properties or the

proceeds from the sale of these real properties representing the substitute res so that these proceeds may be applied to the outstanding agreed judgment.

7. STUART LEVINE further agrees that upon entry of the agreed judgment, he has no right to seek dismissal of the forfeiture action or assert any type of claim to the real properties or the proceeds from the sales. STUART LEVINE understands that after the execution of this agreement, the United States will continue with the forfeiture proceedings against the funds and properties, seeking a final decree of forfeiture vesting all right, title, and interest to the funds and properties in the United States, for disposition according to law. STUART LEVINE further understands that he will not be provided with any notices as to the continuing forfeiture proceedings because judgment will have been entered against him.

8. STUART LEVINE further agrees that while the real properties are in the process of being marketed for sale, he must maintain the real properties and continue to satisfy all financial obligations associated with the real properties in order to preserve and protect these real properties so that the proceeds from the sales can be applied to the agreed judgment and disposed of according to law.

9.　　STUART LEVINE agrees, and on behalf of his agents, assigns, and heirs, to release and hold harmless the United States of America, the Federal Bureau of Investigation, Internal Revenue Service, and its agents, agencies and employees, and any state and local authorities, from any and all claims, suits, and demands, either in their individual or official capacities, arising out of or relating to the seizure of, institution of forfeiture proceedings against, and disposition of the subject funds and properties.

PATRICK J. FITZGERALD
United States Attorney

By: _____
　　CHRISTOPHER NIEWOEHNER
　　219 South Dearborn Street
　　Chicago, IL 60604

　　Date: 3-5-08

By: _____
　　STUART LEVINE, Defendant

　　Date: 3/5/08

By: _____
　　JEFFREY STEINBACK, Attorney for
　　Defendant Stuart Levine

　　Date: 3/5/08