UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>)<br>Plaintiff  )<br>)<br>)<br>)<br>v.  )<br>)<br>FUNDS IN THE AMOUNT OF  )<br>APPROXIMATELY FIVE MILLION  )<br>DOLLARS ($5,000,000)  )<br>INCLUDING:  )<br>)<br>THE REAL PROPERTY LOCATED AT  )<br>57 SOUTH DEERE PARK DRIVE,  )<br>HIGHLAND PARK, ILLINOIS, and  )<br>)<br>THE REAL PROPERTY LOCATED AT  )<br>2494 BAY ISLE DRIVE,  )<br>WESTON, FLORIDA  ) | No. 08 C 1071<br><br>Judge Amy J. St. Eve |

## STIPULATED AGREEMENT

The United States of America, by PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, and SHERI H. LEVINE, by her attorney, ANDREA GAMBINO, stipulate and agree as follows:

1. On July 20, 2005, a superseding indictment was returned in the United States District Court in the Northern District of Illinois in the case *U.S. v. Stuart Levine, et al.*, 05 CR 408. The superseding indictment charged Stuart Levine and others with fraud, bribery, and extortion, in violation of 18 U.S.C. §§ 1343, 1346, and 666, among other violations.

2. On October 5, 2006, a superseding indictment was returned in the United States District Court in the Northern District of Illinois in the case *U.S. v. Stuart Levine, et al.*, 05 CR 691.

The superseding indictment charged Stuart Levine and others with fraud, bribery, and extortion, in violation of 18 U.S.C. §§ 1341, 1343, 1346, and 666, among other violations.

3. On October 27, 2006, pursuant to Fed. R. Crim. P. 11, STUART LEVINE entered a voluntary plea of guilty to Count One and Count Twenty-Three of the superseding indictment in the case *U.S. v. Stuart Levine, et al.*, 05 CR 691, charging him with violations of 18 U.S.C. §§ 1341 and 1346.

4. In the plea agreement entered between STUART LEVINE and the United States, STUART LEVINE acknowledged that the government would file a civil complaint against certain property, namely five million dollars, alleging that the property is subject to forfeiture. STUART LEVINE further agreed to relinquish all right, title and interest that he may have in property that is used to satisfy the amount due, and agreed to the entry of a judgment against him extinguishing any interest or claim he may have in the property subject to forfeiture.

5. On February 21, 2008, the United States filed a verified complaint for forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) for funds in the amount of five million dollars, which constituted and are derived from proceeds obtained from violations of 18 U.S.C. § 1341, 1343, and 666, to be satisfied by proceeds from the sale of the real properties located at 57 South Deere Park Drive, Highland Park, Illinois ("Deere Park property"), and 2494 Bay Isle Drive, Weston, Florida ("Bay Isle Drive property"). *United States v. Funds in the Amount of Approximately Five Million Dollars, et al.*, 08 C 1071 (N.D. Ill.).

6. On March 5, 2008, findings were entered by the district court and entered and approved on March 6, 2008 in an order of transfer and reassignment of the aforementioned civil forfeiture action to Judge Amy J. St. Eve as a matter related to *United States v. Stuart Levine*, 05 CR

2

691 in which STUART LEVINE entered the aforementioned plea agreement in which he admitted to the conduct that additionally supports forfeiture of the defendant property in the instant civil forfeiture action, and further agreed to relinquish any right, title and interest he may have in the defendant properties for purposes of satisfying a civil forfeiture judgment.

7. On March 5, 2008, STUART LEVINE entered into a stipulated agreement with the United States resolving his interests in and claims to the defendant properties and, in accordance with his obligations under the plea agreement in *United States v. Stuart Levine*, 05 CR 691, among other things, agreed to the entry of a judgment against him in the amount of five million dollars and waived any right title, title or interest he may have in the defendant properties or the proceeds from the sale of the properties representing the substitute *res* so that the proceeds may be applied to the outstanding agreed five million dollar judgment.

8. The defendant properties representing the substitute *res* to be sold so that proceeds may be applied to the aforementioned outstanding agreed five million dollar judgment against defendant STUART LEVINE are held jointly by STUART LEVINE with SHERI H. LEVINE, his spouse, as part of their marital estate. The parties agree that the assets of the marital estate of STUART LEVINE and SHERI H. LEVINE have an aggregate value of approximately $4,230,256. SHERI H. LEVINE understands and acknowledges defendant STUART LEVINE's obligation to satisfy this forfeiture judgment, and further, that STUART LEVINE has agreed to waive any right, title, or interest he may have to the defendant funds and properties used to satisfy the forfeiture judgment. The United States understands and acknowledges that SHERI H. LEVINE has a legal right, title and interest to 50 percent of the value of the assets of the marital estate she shares with STUART LEVINE, and that the United States may not seek to satisfy the forfeiture judgment

against STUART LEVINE with SHERI H. LEVINE's interests in the marital estate.

9. In consideration of the foregoing and in resolution of the respective interests of SHERI H. LEVINE and the United States in the assets of the marital estate, SHERI H. LEVINE and the United States agree to the forfeiture of fifty percent (50%) of the aforementioned agreed value of the marital estate less $250,000 which amount the parties agree approximately equals $1,865,128, in partial satisfaction of the forfeiture judgment. On March 4, 2008, a purchase and sale agreement ("agreement") was executed between STUART LEVINE, SHERI H. LEVINE, and a prospective buyer for the sale of the defendant Deere Park property in Highland Park, Illinois, ("the Deere Park property") in the amount of $3,850,000.00. The closing on the sale of the Deere Park property has been set for June 30, 2008. From the closing of the sale of the Deere Park property, the United States, in satisfaction, will receive approximately $1,865,128 of the net proceeds, such amount being subject to review of the HUD 1 closing statement for the Deere Park property to assure that the final sale price and the distributions at closing comport with the valuations of the Deere Park property and the marital estate and the distribution of marital estate assets between the United States and SHERI H. LEVINE as agreed herein. "Net proceeds" as referred to herein shall be defined to mean the contract sale price for the Deere Park property, specifically $3,850,000.00 less distributions at closing in satisfaction of the outstanding mortgage lienholder interests of Astoria Federal Mortgage Corp., outstanding property Lake County tax obligations due and owing on the Deere Park property at the time of closing, realtor commissions and standard conventional closing costs.

10. In consideration of the facts and circumstances of this matter, the United States agrees that upon the partial satisfaction of the forfeiture judgment as described above, it will have no further claim and will take no other action, including administrative, civil or other criminal

4

proceeding against any the property, real or personal, in which SHERI H. LEVINE presently has an interest or claim. Should, however, the judgment not be partially satisfied as described above, or the United States in its sole judgment conclude that efforts have been undertaken by either SHERI H. LEVINE or STUART LEVINE to encumber, transfer or otherwise conceal property or funds pledged to satisfy the forfeiture judgment, the United States will not be bound by the terms of this stipulation or any agreement and make take full advantage of any legal remedies available to it in order to satisfy its forfeiture judgment.

11.     SHERI H. LEVINE further agrees that while the Deere Park property is in the process of being marketed for sale and until such time as the contemplated sale has closed and the distribution of sale proceeds to the United States as here agreed upon is completed, she must maintain the defendant real properties and continue to satisfy all financial obligations associated with the real properties in order to preserve and protect these real properties for so that the proceeds from their sale can be applied to the agreed judgment and disposed of according to law.

12.     SHERI H. LEVINE shall not be entitled to costs or attorney's fees. Furthermore, SHERI H. LEVINE hereby releases and forever discharges the United States, its officers, agents, servants, and employees, its heirs, successors, or assigns, or any state or local authorities, from any and all actions, causes of action, suits, proceedings, debts, dues, contracts, judgments, damages, claims, and/or demands whatsoever in connection with the seizure, detention and forfeiture of the defendant property.

13. Judgment incorporating the terms of this stipulation may be entered by the Court.

Respectfully submitted,

PATRICK FITZGERALD
United States Attorney

By: _____
JOSEPH M. FERGUSON
Assistant United States Attorney

Date: 3/21/08

By: _____
SHERI H. LEVINE
Wife of Defendant Stuart Levine

Date: 3-19-08

By: _____
ANDREA GAMBINO
Attorney for Sheri Levine

Date: 3-21-08

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that the following document:

STIPULATED AGREEMENT

was served on March 25, 2008, in accordance with Fed. R. Crim. P. 49, FED. R. CIV. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By:  s/Joseph M. Ferguson
JOSEPH M. FERGUSON
Assistant United States Attorney
219 South Dearborn Street
5th Floor
Chicago, Illinois
(312) 353-1414