UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff ) | |
| ) | No. 08 C 1071 |
| ) | |
| ) | Judge Amy J. St. Eve |
| v. ) | |
| ) | |
| FUNDS IN THE AMOUNT OF ) | |
| APPROXIMATELY FIVE MILLION ) | |
| DOLLARS ($5,000,000) ) | |
| INCLUDING: ) | |
| ) | |
| THE REAL PROPERTY LOCATED AT ) | |
| 57 SOUTH DEERE PARK DRIVE, ) | |
| HIGHLAND PARK, ILLINOIS, and ) | |
| ) | |
| THE REAL PROPERTY LOCATED AT ) | |
| 2494 BAY ISLE DRIVE, ) | |
| WESTON, FLORIDA ) | |
| ) | |
| Defendants. ) | |

**PROTECTIVE ORDER RELATING TO**
**PROCEEDS FROM THE SALE OF CERTAIN REAL PROPERTY**

This matter coming before the Court on the government's agreed motion for entry of a protective order relating to the proceeds from the sale of certain real property, pursuant to the provisions of Title 18, United States Code, Section 983(j), and the Court being fully advised finds as follows:

(a) On July 20, 2005, a superseding indictment was returned in the United States District Court in the Northern District of Illinois in the case *U.S. v. Stuart Levine, et al.*, 05 CR 408. The superseding indictment charged Stuart Levine and others with fraud, bribery, and extortion, in violation of 18 U.S.C. §§ 1343, 1346, and 666, among other violations;

(b) On October 5, 2006, a superseding indictment was returned in the United States District Court in the Northern District of Illinois in the case *U.S. v. Stuart Levine, et al.,* 05 CR 691. The superseding indictment charged Stuart Levine and others with fraud, bribery, and extortion, in violation of 18 U.S.C. §§ 1341, 1343, 1346, and 666, among other violations;

(c) On October 27, 2006, pursuant to Fed. R. Crim. P. 11, STUART LEVINE entered a voluntary plea of guilty to Count One and Count Twenty-Three of the superseding indictment in the case *U.S. v. Stuart Levine, et al.*, 05 CR 691, charging him with violations of 18 U.S.C. §§ 1341 and 1346;

(d) In the plea agreement entered between STUART LEVINE and the United States, STUART LEVINE acknowledged that the government would file a civil complaint against certain property, namely five million dollars, alleging that the property is subject to forfeiture. STUART LEVINE further agreed to relinquish all right, title and interest that he may have in property that is used to satisfy the amount due, and agreed to the entry of a judgment against him extinguishing any interest or claim he may have in the property subject to forfeiture;

(e) On February 21, 2008, the United States filed a verified complaint for forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) for funds in the amount of five million dollars, which constituted and are derived from proceeds obtained from violations of 18 U.S.C. § 1341, 1343, and 666, to be satisfied by proceeds from the sale of the real properties located at 57 South Deere Park Drive, Highland Park, Illinois ("Deere Park property"), more fully described below, and 2494 Bay Isle Drive, Weston, Florida ("Bay Isle Drive property"). *United States v. Funds in the Amount of Approximately Five Million Dollars, et al.*, 08 C 1071 (N.D. Ill.);

    1. The real property commonly known as: 57 South Deere Park Drive, Highland

Park, Illinois, is legally described as follows:

> PARCEL 1: LOTS 77 AND 78 IN BAIRD AND WARNER, INC. ADDITION TO DEERE PARK SUBDIVISION, BEING A SUBDIVISION OF THE SOUTHEAST 1/4 OF THE SOUTHWEST 1/4 AND THE SOUTHEAST FRACTIONAL QUARTER OF SECTION 31, TOWNSHIP 43 NORTH, RANGE 13, EAST OF THE THIRD PRINCIPAL MERIDIAN, TOGETHER WITH LOTS 13 AND 14 IN HILL AND STONE'S RAVINE VIEW SUBDIVISION IN SAID SOUTHWEST 1/4 OF SECTION 31 IN THE CITY OF HIGHLAND PARK; ACCORDING TO THE PLAT THEREOF RECORDED DECEMBER 4, 1926 IN BOOK "Q" OF PLATS, PAGE 86, AS DOCUMENT 290930, (EXCEPT THAT PART OF SAID LOT 77 LYING NORTHERLY OF A LINE DRAWN PARALLEL WITH THE NORTHERLY LINE OF SAID LOT 77 AND 40 FEET SOUTH FROM THE NORTHERLY LINE AS MEASURED ALONG THE EASTERLY LINE OF DEERE PARK DRIVE SOUTHEAST, AND EXCEPT THAT PART OF LOT 78 AFORESAID LYING SOUTHERLY OF THE LINE DRAWN PARALLEL TO THE NORTHERLY LINE OF SAID LOT 78 AND 55 FEET SOUTHERLY THEREOF, AS MEASURED ALONG THE EAST LINE OF DEERE PARK DRIVE SOUTHEAST), IN LAKE COUNTY, ILLINOIS.
>
> PARCEL 2: THOSE PARTS OF LOTS 1 AND 2 IN COHEN'S RESUBDIVISION ACCORDING TO THE PLAT THEREOF RECORDED AS DOCUMENT 1207747 ON NOVEMBER 18, 1963, LYING SOUTHERLY OF THE FOLLOWING DESCRIBED LINE BEGINNING ON THE WESTERLY LINE OF SAID LOT 1, 4.83 FEET NORTHERLY OF THE SOUTHWESTERLY CORNER THEREOF; THENCE EASTERLY ALONG A STRAIGHT LINE 200.81 FEET, MORE OR LESS, TO A POINT 7.70 FEET NORTHERLY OF THE POINT OF INTERSECTION OF THE SOUTHERLY LINE OF SAID LOT 2 WITH THE TOP OF BLUFF MEANDER LINE IN LOT 77 IN BAIRD AND WARNER, INC. ADDITION TO DEERE PARK SUBDIVISION ACCORDING TO THE PLAT THEREOF RECORDED AS DOCUMENT 290930 ON DECEMBER 4, 1926; THENCE EASTERLY ALONG A LINE 7.70 FEET NORTHERLY OF AND PARALLEL WITH SAID SOUTHERLY LINE OF LOT 2 TO THE WATER'S EDGE OF LAKE MICHIGAN IN THE EAST QUARTER OF SECTION 31, TOWNSHIP 43 NORTH, RANGE 13, EAST OF THE THIRD PRINCIPAL MERIDIAN, CITY OF HIGHLAND PARK, IN LAKE COUNTY, ILLINOIS.
>
> Permanent real estate index number: 17-31-302-051-0000 and 17-31-302-163-0000;

 (f) To preserve its interest in the Deere Park property, after the verified complaint was filed, the United States recorded a *lis pendens* notice with the Lake County Recorder's Office, against the Deere Park property;

(g) The Deere Park property, representing a substitute *res* to be sold so that a portion of the proceeds may be applied to the aforementioned outstanding agreed five million dollar judgment against defendant STUART LEVINE, is held jointly by STUART LEVINE with SHERI H. LEVINE, his spouse, as part of their marital estate;

(h) On March 4, 2008, a purchase and sale agreement ("agreement") was executed between STUART LEVINE, SHERI H. LEVINE, and a prospective buyer for the sale of the defendant Deere Park property, in the amount of $3,850,000.00. The closing on the sale of the Deere Park property has been set for June 30, 2008;

(i) On March 5, 2008, Lake County filed a claim in the civil forfeiture matter, by virtue of accrued property taxes with respect to the Deere Park property for the period from January 2007 through December 2007, in an amount estimated at $68,693.05 plus any unpaid real estate taxes for 2008 which may continue to accrue until entry of the decree of forfeiture;

(j) On March 5, 2008, STUART LEVINE entered into a stipulated agreement with the United States resolving his interests in and claims to the defendant properties, including the Deere Park property, and, in accordance with his obligations under the plea agreement in *United States v. Stuart Levine*, 05 CR 691, among other things, agreed to the entry of a judgment against him in the amount of five million dollars and waived any right title, title or interest he may have in the defendant properties or the proceeds from the sale of the properties representing the substitute *res* so that the proceeds may be applied to the outstanding agreed five million dollar judgment;

(k) On March 21, 2008, SHERI H. LEVINE entered into a stipulated agreement with the United States. As described more fully in the stipulated agreement, SHERI H. LEVINE agreed that from the closing of the sale of the Deere Park property, the United States, in satisfaction, will receive

net proceeds from the sale that are preliminarily estimated by the parties to be approximately $1,865,128, such amount being subject to review by the U.S. Attorney's Office of the HUD 1 closing statement for the Deere Park property to assure that the final sale price and the distributions at closing comport with the valuation of the Deere Park property and the marital estate and the distribution of marital estate assets as agreed between the United States and SHERI H. LEVINE. "Net proceeds" as referred to herein and in the stipulated agreement between SHERI H. LEVINE and the United States shall be defined to mean the contract sale price for the Deere Park property, specifically $3,850,000.00, less distributions at closing in satisfaction of: (i) outstanding first priority mortgage lienhold interests of Astoria Federal Mortgage Corporation to include costs and expenses to which it is entitled under the note and mortgage; (ii) outstanding second priority interests of comprised of 2007 and 2008 tax year Lake County property tax obligations due and owing on the Deere Park property at the time of closing; (iii) realtor commissions, and; (iv) standard conventional closing costs;

(l)     On May 2, 2008, Astoria Federal Mortgage Corporation, acting with the agreement of the United States and with leave of this Court, filed a verified claim relating to the Deere Park property. The Deere Park property is security for a mortgage issued by Astoria Federal Mortgage Corporation and recorded May 10, 2005 as document 5778782, to secure a note in the originally stated principal amount of $1,250,000;

(m)     Pursuant to Title 18, United States Code, Section 983, this Court has jurisdiction to enter orders or to take other action to preserve and to protect property to insure that the property or its equity will be available for forfeiture upon decree of the Court;

(n)     Title 18, United States Code, Section 983(j)(1) provides in pertinent part:

> Upon application of the United States, the Court may enter a restraining order or injunction, require the execution of satisfactory performance bonds . . . or take any other action to seize, secure, maintain, or preserve the availability of property subject to civil forfeiture -
>
> > (a)  upon the filing of a civil forfeiture complaint alleging that the property with respect to which the order sought is subject to civil forfeiture;

(o)  Accordingly, in order to preserve the availability of equity funds to be applied in partial satisfaction of the five million dollar judgment agreed to between the United States and STUART LEVINE, the United States requests that this Court enter a protective order relating to the net proceeds preliminarily estimated to be approximately $1,865,128 and subject to the conditions set forth in Paragraph (k) above and the stipulated agreement between the United States and SHERI H. LEVINE, from the sale of the Deere Park property, to be sold by STUART LEVINE and SHERI H. LEVINE pursuant to the real estate contract executed March 4, 2008. The United States requests that the disbursement of the aforementioned net proceeds from the sale of the Deere Park property be forwarded to the United States Marshals Service and retained in an escrow account, pending further order of this Court. Prior to commencing the sale process, an estimate of the costs relating to the sale as listed on the HUD 1 closing statement must be submitted to the United States Attorney's Office for approval;

Accordingly, it is hereby ORDERED, ADJUDGED, AND DECREED:

1.  That the government's motion for entry of a protective order, pursuant to the provisions of Title 18, United States Code, Section 983(j), and to the terms of the Stipulated Agreements entered into by the United States and STUART LEVINE, SHERI H. LEVINE, Astoria Federal Mortgage Corporation, and Lake County, is granted. The subject real property is commonly known as 57 South Deere Park Drive, Highland Park, Illinois, legally described as follows:

>   PARCEL 1: LOTS 77 AND 78 IN BAIRD AND WARNER, INC. ADDITION TO DEERE PARK SUBDIVISION, BEING A SUBDIVISION OF THE SOUTHEAST 1/4 OF THE SOUTHWEST 1/4 AND THE SOUTHEAST FRACTIONAL QUARTER OF SECTION 31, TOWNSHIP 43 NORTH, RANGE 13, EAST OF THE THIRD PRINCIPAL MERIDIAN, TOGETHER WITH LOTS 13 AND 14 IN HILL AND STONE'S RAVINE VIEW SUBDIVISION IN SAID SOUTHWEST 1/4 OF SECTION 31 IN THE CITY OF HIGHLAND PARK; ACCORDING TO THE PLAT THEREOF RECORDED DECEMBER 4, 1926 IN BOOK "Q" OF PLATS, PAGE 86, AS DOCUMENT 290930, (EXCEPT THAT PART OF SAID LOT 77 LYING NORTHERLY OF A LINE DRAWN PARALLEL WITH THE NORTHERLY LINE OF SAID LOT 77 AND 40 FEET SOUTH FROM THE NORTHERLY LINE AS MEASURED ALONG THE EASTERLY LINE OF DEERE PARK DRIVE SOUTHEAST, AND EXCEPT THAT PART OF LOT 78 AFORESAID LYING SOUTHERLY OF THE LINE DRAWN PARALLEL TO THE NORTHERLY LINE OF SAID LOT 78 AND 55 FEET SOUTHERLY THEREOF, AS MEASURED ALONG THE EAST LINE OF DEERE PARK DRIVE SOUTHEAST), IN LAKE COUNTY, ILLINOIS.
>
>   PARCEL 2: THOSE PARTS OF LOTS 1 AND 2 IN COHEN'S RESUBDIVISION ACCORDING TO THE PLAT THEREOF RECORDED AS DOCUMENT 1207747 ON NOVEMBER 18, 1963, LYING SOUTHERLY OF THE FOLLOWING DESCRIBED LINE BEGINNING ON THE WESTERLY LINE OF SAID LOT 1, 4.83 FEET NORTHERLY OF THE SOUTHWESTERLY CORNER THEREOF; THENCE EASTERLY ALONG A STRAIGHT LINE 200.81 FEET, MORE OR LESS, TO A POINT 7.70 FEET NORTHERLY OF THE POINT OF INTERSECTION OF THE SOUTHERLY LINE OF SAID LOT 2 WITH THE TOP OF BLUFF MEANDER LINE IN LOT 77 IN BAIRD AND WARNER, INC. ADDITION TO DEERE PARK SUBDIVISION ACCORDING TO THE PLAT THEREOF RECORDED AS DOCUMENT 290930 ON DECEMBER 4, 1926; THENCE EASTERLY ALONG A LINE 7.70 FEET NORTHERLY OF AND PARALLEL WITH SAID SOUTHERLY LINE OF LOT 2 TO THE WATER'S EDGE OF LAKE MICHIGAN IN THE EAST QUARTER OF SECTION 31, TOWNSHIP 43 NORTH, RANGE 13, EAST OF THE THIRD PRINCIPAL MERIDIAN, CITY OF HIGHLAND PARK, IN LAKE COUNTY, ILLINOIS.
>
>   Permanent real estate index number: 17-31-302-051-0000 and 17-31-302-163-0000.

It is further ordered,

2.   That, the Deere Park property shall be sold by STUART LEVINE and SHERI H. LEVINE pursuant to the purchase and sale agreement entered into by the record owners on March 4, 2008. It is further ordered,

    3.    That, upon the sale of the Deere Park property, the proceeds shall be distributed as follows:

    (a)    the commission to the listing real estate broker from Coldwell Banker as stated in the purchase and sale agreement executed on March 4, 2008;

    (b)    any mortgage due and owing to the verified mortgage lender Astoria Federal Mortgage Corporation for the Deere Park property, including the principal balance and interest due on the note rate and costs and expenses to which it is entitled under the note and mortgage;

    (c)    any outstanding state, county, city or school taxes and any unpaid real estate taxes due and owing, as documented at the date of closing on the Deere Park property, including the accrued property taxes due and owing to Lake County for the 2007 and 2008 tax years;

    (d)    the United States Marshals Service shall be permitted to deduct any reasonable and necessary costs incurred by the United States Marshals Service in relation to the forfeiture proceedings against the Deere Park property, if any, pending its sale; and

    (e)    approximately $1,865,1258 shall be held in escrow by the United States Marshals Service pending further order of this Court. The exact amount to be provided to the United States Marshals Service is subject to review by the United States of the HUD 1 closing statement for the Deere Park property to assure that the final sale price and the distributions at closing comport with the valuation of the Deere Park property and the marital estate and the distribution of marital estate assets as agreed between the United States and SHERI H. LEVINE in the stipulated agreement between them. The check shall be made payable to the United States Marshals Service Seized Assets Deposit Fund.

It is further ordered,

    4.    That, the respective parties will each bear their own costs, fees, and expenses including any attorneys fees, unless otherwise provided for in this order. It is further ordered,

     5.       That, this Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this protective order directing the distribution of certain proceeds from the sale of the above-identified real property.

 

_____
AMY J. ST. EVE
United States District Judge

DATED:_____